## Hill v. Coakley, et al.

(Decided October 11, 1912.)

### Appeal from Hardin Circuit Court.

Deeds—When One Will Not Be Relieved From the Deed—Conveyance to Children—Action to Cancel Deed.—A woman, who at the request of her brothers made a deed to her children of her property retaining a life estate in herself, when she was about to marry again, will not be relieved from the deed (which she deliberately made) after she was divorced from the husband, who it was found would waste her estate.

R. L. STITH, L. A. FAUREST for appellant.

IRWIN & IRWIN, H. L. JAMES for appellees.

Opinion of the Court by Chief Justice Hobson— Affirming.

Mary A. Hill, on July 9, 1908, executed a deed to her three children by which she conveyed to them a storehouse and lot in Elizabethtown, Kentucky, reserving to herself a life estate in the property. On May 23, 1910, she brought this suit against her three children to cancel the deed, charging, in substance, that it was procured fraudulently by undue influence when she was in a weak and nervous condition. An answer was filed denying the allegations of the petition and on final hearing the circuit court dismissed the petition. She appeals.

Mrs. Hill, at the time the deed was executed, was about fifty-eight years of age. She had two daughters who were married and a son who was an infant and living with her. Her husband had been dead several years. Her daughter, Mrs. Bunnell, lived near Elizabethtown.

Her daughter, Mrs. Coakley, lived in Bullitt County, near Lebanon Junction. The facts in regard to the execution of the deed are, in substance, these:

Mrs. Hill, in May, had made the acquaintance of a man named McCullough, who lived in Grayson County. About July 1st, she agred to marry McCullough and when her daughter, Mrs. Bunnell came to see her on the fourth of July, she told her daughter of her intended marriage. Her daughter went home and told her husband. The next day they got into a buggy and drove to Bullitt County to the Coakleys' and told them of the intended marriage. They all had the idea that McCullough was marrying Mrs. Hill for her money and that he would get what she had, if he could. That afternoon Coakley and Bunnell drove to Lebanon Junction and there met Noah Smith, a brother of Mrs. Hill. They told him of the intended marriage and what they thought of McCullough and after some conversation it was decided that the three would meet the next morning at the house of S. P. Smith, who was also a brother of Mrs. Hill, and confer with him. The next morning (July 6th) they met at the house of S. P. Smith and after a conversation among the four it was decided by the Smith brothers that Coakley should go to Elizabethtown and have a deed drawn up, to be executed by Mrs. Hill, conveying the property to her children, subject to a life estate in her, the two brothers saying that they thought that this was the best thing to be done and that they thought they could get her to sign the deed. Coakley went to Elizabethtown and had the deed written and on July 8th Mrs. Hill came to Coakley's house and there her two brothers showed her the deed and advised her to execute it. She finally agreed that it was, perhaps the safest thing for her to do and the deed was left with her. That evening she went to Elizabethtown, Coakley going with her. She wrote for Bunnell to come in, he living several miles in the country. He came in the next morning; after dinner she, Bunnell and Coakley went down to the clerk's office where she acknowledged the deed and left it with the clerk for record, Bunnell or Coakley paying the recording fee. She and McCullough were married about a month later. They lived together until sometime in January when he left her and she afterwards obtained a divorce. In some manner, before the bringing of this suit, an estrangement had

grown up between her and Mrs. Bunnell, which, so far as the record shows, seems to have been due, in part, to Mrs. Hill's thinking that Mrs. Bunnell had caused her son, Strickler, to leave her and go to Oklahoma.

The evidence is absolutely clear that Mrs. Hill perfectly understood what she was doing. She was not imposed upon in any way. It is true that her brothers advised her to make the deed, but they used no influence, other than the expression of their judgment. Her own testimony shows that she fully understood the transaction and upon the whole record we have no doubt but that she made the deed because she deemed it wise, before she was married to McCullough, to fix this property so that her children would get it at her death. It would seem, both from McCullough's financial condition and what happened afterward, that there was at least reasonable grounds for the conclusion which her brothers arrived at, in regard to the matter. They had no interest of their own to serve, but were actuated solely by the desire to protect their sister and her children. They made no misrepresentation and did nothing more than they thought was right and proper, under the circumstances. She made the deed intelligently and freely, because, under the circumstances, then existing, it appeared to her the reasonable thing to do. The fact that she was divorced from McCullough does not entitle her to a cancellation of the deed which she then made.

Judgment affirmed.